IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS JORDAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SETH WILLIAMS | : | NO. 14-6669 |

**MEMORANDUM OPINION**

**Savage, J.**                                                                                                                **April 29, 2015**

In this *pro se* § 1983 action, Thomas Jordan ("Jordan"), who has served his prison sentence for a conviction of rape, contends that Seth Williams, the current District Attorney of Philadelphia, violated his constitutional rights by preventing adjudication of his postconviction motion for DNA testing that would have exonerated him. He claims that Williams "purposefully procrastinated adjudication of [his] motion for DNA testing"[1] until he was released from custody in order to moot his motion. Jordan requests that we order DNA testing and declare him innocent.

Williams has moved to dismiss the complaint. He argues that Jordan's action is barred by the statute of limitations and the *Rooker-Feldman* doctrine. He also invokes absolute and qualified immunity. Jordan, in his opposition, does not address the *Rooker-Feldman* doctrine and insists that his request for DNA testing was timely.

We conclude that this action is not barred by the *Rooker-Feldman* doctrine. However, it is time-barred. Therefore, without reaching the immunity issue, we shall grant the motion to dismiss.

---
[1] Compl. ¶ 20.

## Background

At his trial in 1994, the victim identified Jordan as the man who had pulled her into an alley and raped her.[2] After the rape, she called the police who took her to the hospital where DNA evidence was collected.[3] Jordan alleges that the prosecutor at trial linked the DNA evidence to him, even though it had not been tested to determine if it matched his DNA.[4] Jordan was convicted of rape and sentenced to a five-to-ten year prison term.[5] He served the maximum ten years.[6]

After his sentence became final, Jordan filed a timely petition pursuant to the Pennsylvania Post Conviction Relief Act[7] and a postconviction motion for forensic DNA testing pursuant to 42 Pa. Cons. Stat. Ann. § 9543.1.[8] His motions were not addressed before he was released from prison.[9] Nor have they ever been decided.

In his complaint, Jordan avers that Williams[10] intentionally procrastinated in adjudicating his motion for DNA testing before his sentence was due to expire,

---

[2] Compl. ¶ 11.

[3] Compl. ¶ 12.

[4] Compl. ¶ 13.

[5] Compl. ¶ 14.

[6] Compl. ¶ 10.

[7] 42 Pa. Cons. Stat. § 9501 *et seq*.

[8] Compl. ¶ 9. Jordan filed the motion pursuant to Pennsylvania's Postconviction DNA testing statute, 42 Pa. Cons. Stat. Ann. § 9543.1. If a motion for DNA testing is granted, the movant may, within sixty days of receiving test results, petition the court for postconviction relief on the basis of after-discovered evidence. *Commonwealth v. Conway*, 14 A.3d 101, 108 n.2 (Pa. Super. 2011) (citations omitted).

[9] Compl. ¶ 10.

[10] Williams was not the district attorney during Jordan's incarceration or when he was released from prison. Thus, Williams could not be personally liable to Jordan for any alleged delay regarding his postconviction motion for DNA testing.

preventing his exoneration.[11]  Jordan states that he is "absolutely innocent" of the rape and that a DNA test will exonerate him.[12]

As a result of his rape conviction, Jordan was required to register as a sex-offender under Megan's Law.  After his release from prison, he failed to register.  He was later convicted for failing to register, resulting in his current incarceration.[13]

## Statute of Limitations[14]

The statute of limitations for section 1983 claims is governed by the applicable state personal injury limitations period.  *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).  The Pennsylvania limitations period for a personal injury action is two years.  Pa. Cons. Stat. § 5524.  Therefore, Jordan had two years after the accrual of his cause of action to file his complaint.

While the statute of limitations is dictated by state law, the accrual date in a § 1983 action is determined by federal law.  Under federal law, the limitations period begins to run when the plaintiff knew or should have known of the injury upon which his action is based.  *Kach,* 589 F.3d at 634 (citations omitted).  Thus, we must determine when Jordan's cause of action accrued.

---

(continued) Significantly, the District Attorney does not adjudicate motions.  Courts do.  The District Attorney cannot be liable for failing to do something that he could not do.  Certainly, Jordan's complaint would not survive a Rule 12(b)(6) challenge for failure to state a claim.

[11] Compl. ¶ 20.

[12] Compl. ¶ 19.

[13] Compl. ¶ 18.

[14] Typically, a statute of limitations defense cannot be raised in a Rule 12(b)(6) motion.  However, when it appears on the face of the complaint that the statute of limitations has expired, the complaint may be dismissed at the pretrial stage.  *Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Management L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Saylor v. Ridge*, 989 F. Supp. 680, 683 (E.D. Pa. 1998).

The Pennsylvania statute governing postconviction DNA testing provides that an "individual convicted of a criminal offense in a court of this Commonwealth and serving a term of imprisonment . . ." may file a motion for DNA testing. 42 Pa. Cons. Stat. Ann. § 9543.1(a)(1). Hence, DNA testing is only available when the applicant has been convicted and is incarcerated.

In essence, Jordan avers that he was injured when his motion for a DNA test became moot upon his release from prison. As a result, his motion was never considered on the merits. Jordan was released from prison in 2004.[15] At that time, Jordan knew that his motion had become moot because he was no longer incarcerated.

The two-year statute of limitations began to run upon Jordan's release in 2004 when he knew his motion became moot.[16] His complaint had to have been filed within two years of his release date, that is, no later than sometime in 2006. Jordan filed this action on December 12, 2014. Because he filed his complaint ten years after his motion was mooted, the two-year statute of limitations bars his action.

## Rooker-Feldman Doctrine

The *Rooker-Feldman* doctrine bars a federal court from entertaining "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In short, a federal district court lacks subject matter jurisdiction over an action in the nature of an appeal seeking to reverse a state court decision. *See id.* at 293.

---

[15] When Jordan was released from prison, Lynne Abraham was the District Attorney.

[16] Jordan does not specify the date of his release. He alleges it was in 2004.

4

The *Rooker-Feldman* doctrine applies only where: (1) the plaintiff in the federal action lost in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the judgment was entered before the federal action was filed; and (4) the plaintiff seeks federal review and rejection of the state judgment. *Great Western Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 166 (3d Cir. 2010) (citing *Exxon Mobil*, 544 U.S. at 284).

Jordan is not challenging a state court judgment. Nor is he asking us to review and reject any state court judgment. Indeed, there was no judgment entered. Jordan's complaint is that none was entered. Thus, the *Rooker-Feldman* doctrine does not apply.

## Conclusion

Because this action is time-barred, we shall grant the defendant's motion to dismiss.[17]

---

[17] We do not grant leave to amend the complaint because amendment would be futile. *Glaziers & Glass Workers Union Local No. 252 Annuity Fund v. Janney Montgomery Scott, Inc.*, 155 F.R.D. 97, 101 (E.D. Pa. 1994); *see also Singleton v. DA Phila.*, 411 F. App'x 470, 473 (3d Cir. 2011).